NO. **02C I 03028**

JEFFERSON CIRCUIT COURT
DIVISION _____

WILLIAM L. BOYER
220 West Burnett
Louisville, Kentucky 40208

Individually, and as class representative on behalf of
himself and all others similarly situated,

and

TROY LANDRUM
309 Thunderhead Canyon Drive
Wildwood Missouri, 63011

Individually, and as class representative on behalf of
himself and all others similarly situated,

and

JAMES SHIPP
11719 Tazwell Drive
Louisville, Kentucky 40245

Individually, and as class representative on behalf of
himself and all others similarly situated,

and

WILLIAM TODD RIGGLE
8714 Bayberry Place
Louisville, Kentucky 40242

Individually, and as class representative on behalf of
himself and all others similarly situated,

Petition and ........... Exhibits Fld.
Summons and 4 cop 10 issued

APR 2 5 2002

Attest:   TONY MILLER, Clerk
By .................................. D.C.

PLAINTIFFS,

v.                    **CLASS ACTION COMPLAINT WITH JURY DEMAND**

CITY OF LOUISVILLE,
City Hall
601 West Jefferson Street
Louisville, Kentucky 40202,

SERVE:  Hon. David L. Armstrong, Mayor
     City Hall
     601 West Jefferson Street
     Louisville, Kentucky 40202

SERVE:  William C. Stone
     200 City Hall
     601 West Jefferson Street
     Louisville, Kentucky 40202

and

WILLIAM S. CARCARA, INDIVIDUALLY,
And in his official capacity
as the Jefferson County Chief of Police
768 Barret Avenue
Louisville, Kentucky 40204

and

RONALD RICUCCI, INDIVIDUALLY,
And in his official capacity
as the Jefferson County Chief of Police
24 West Main Street
Front Royal, Virginia 22630

and

MARK A. WATSON, INDIVIDUALLY,
And in his official capacity as a
Metro Narcotics Officer
3345 Pioneer Trail
Shepherdsville, Kentucky 40165

and

CHRISTIE A. RICHARDSON, INDIVIDUALLY,
And in her official capacity as a
Metro Narcotics Officer
9517 Dabney Carr
Louisville, Kentucky 40299          **DEFENDANTS.**

2

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiffs, by and through counsel, individually and on behalf of all others similarly situated, upon personal knowledge and belief, as well as from the preliminary investigation performed by their attorneys as to all other matters, allege as follows:

## I.     NATURE OF ACTION

1.     This class action is brought by the named Plaintiffs, William L. Boyer, Troy Landrum, James Shipp and William Todd Riggle, individually, and on behalf of themselves and all others persons similarly situated, seeking to end Defendant City of Louisville and Jefferson County's practice of condoning, acquiescing or ignoring unconstitutional conduct on the part of its police officers such that it has become accepted practice within the Louisville and Jefferson County police departments.  Specifically, Plaintiffs bring this action to remediate the aftereffects of the damaging and injurious conduct that has occurred by Defendants' negligent or reckless disregard of police misconduct.  Plaintiffs seek equitable and injunctive relief in the form of a comprehensive legal monitoring program as well as compensatory damages for those individuals damaged by the practices, policies and procedures that allowed the unconstitutional and tortious conduct complained of herein to repeatedly occur for extended periods of time without meaningful inquiry, investigation or scrutiny by those with legal obligations to do so and for permitting the misconduct to go on without sanction, penalty or discipline to the detriment of Plaintiffs.

2.     The unconstitutional and tortious conduct described by Plaintiffs attests to misconduct that was directed at the named Plaintiffs and putative Members of the Plaintiff Class in Kentucky.  The unconstitutional and tortious conduct, including the use of invalid search warrants, unreasonable seizures, false arrests and false imprisonment, demonstrates a heightened pattern of abuse and a pervasive disregard for citizens' constitutional rights to be

3

free from unreasonable searches and seizures and to be secure in one's person and property

under due process of law, as guaranteed by the Kentucky Constitution.

3.      The conduct complained of herein, and Defendants' practice of condoning, approving or

ignoring same, violates the Plaintiffs' rights as guaranteed to them under §1, §10 and §14 of the

Kentucky Constitution.  The Plaintiffs, who seek declaratory and injunctive relief, both for

themselves and on behalf of the class of individuals similarly situated that they seek to

represent, are also entitled to receive appropriate monetary damages for the violation of their

constitutional rights and for the injuries they sustained as a result.

4.      Plaintiffs seek certification of a Class pursuant to Rule 23 of the Kentucky Rules of Civil

Procedure of all persons present in Kentucky from 1995 to present that fall within the

parameters of one of the following three subclasses:

a.      Class I consists of all persons who were arrested and incarcerated and
whose charges have since been dismissed or convictions overturned as a
result of Defendant Mark A. Watson or Christie A. Richardson's
participation and involvement in their arrest.  Class I seeks monetary
damages in the form of compensatory and punitive damages for the
deprivation of constitutional rights and for being wrongfully subjected to
the tortious conduct of Defendants Mark A. Watson and Christie A.
Richardson.  Class I also seeks equitable and injunctive relief and the
establishment of a common fund for purposes of creating a
comprehensive legal monitoring program that will provide a system for
retrieval, review and expungement of all arrest, incarceration and court
records related to Plaintiffs' arrests by Defendants Mark A. Watson or
Christie A. Richardson.

b.      Class II consists of all persons who were cited, arrested or incarcerated
and whose charges have not been dismissed or convictions overturned as
a result of Defendants Mark A. Watson or Christie A. Richardson's
participation and involvement.   Class II also seeks equitable and
injunctive relief and the establishment of a common fund for purposes of
creating a comprehensive legal monitoring program that will provide a
system for retrieval and review of all citations, arrests, incarcerations and
court records related to Plaintiffs' arrests by Defendants Mark A. Watson
or Christie A. Richardson.  Finally, Class II seeks a permanent and
mandatory injunction prohibiting prosecutors from seeking probable
cause stipulations in return for dismissal of charges and the vitiation of

4

all such stipulations obtained heretofore upon citations or arrests involving Defendants Mark A Watson or Christie A. Richardson.

c.     Class III consists of all persons whose property was seized as a result of criminal proceedings initiated based upon the involvement of Defendants Mark A. Watson or Christie A. Richardson.  Class III seeks a return of seized property and the establishment of a common fund for the purpose of creating a comprehensive legal monitoring program to examine all records pertaining to property seizures occasioned by the conduct of Defendants Mark A. Watson or Christie A. Richardson.

## II.     JURISDICTION

5.     This Court has jurisdiction to decide this civil action as Plaintiffs seek to vindicate rights protected by the Kentucky Constitution.  Plaintiffs also seek civil recovery for acts committed by Defendants in derogation of Kentucky common law and statutory mandates.  Kentucky law is properly applied to the claims in this action.

## III.     VENUE

6.     Venue is proper in Jefferson County, Kentucky as it is centrally located and contains the residences of the greatest number of potential plaintiffs.  Each claim herein arises out of incidents that occurred in Jefferson County, Kentucky or neighboring counties and involves officers jointly employed in the Metro Narcotics Unit by the City of Louisville Police Department headquartered in Jefferson County, Kentucky and Jefferson County, Kentucky Police Department also headquartered in Jefferson County, Kentucky.  Finally, the relief demanded requires retrieval, review and potential expungement of arrest, incarceration and court records maintained in Jefferson County, Kentucky.

## IV.     PARTIES

7.     Plaintiff William Boyer, at all times relevant hereto, was a citizen of the Commonwealth of Kentucky residing at 4909 Quail Court, Louisville, Kentucky 40213.  Plaintiff Boyer was arrested, incarcerated, and convicted of drug trafficking.  In truth of fact, Plaintiff

Boyer was falsely arrested, incarcerated and convicted based upon an illegal search warrant

forged by Defendants Mark A. Watson and Christie A. Richardson. Plaintiff Boyer's conviction

has since been overturned, but his arrest, incarceration and court records have not been

retrieved, reviewed and expunged. Plaintiff Boyer sustained concrete damages in the form of

court costs, attorney fees and other expenses attendant to his unlawful arrest, incarceration and

conviction. Plaintiff Boyer also suffered damages as a result of his unlawful arrest,

incarceration and conviction including extreme emotional distress in an amount to be

determined by a jury sitting in the trial of these proceedings but in an amount sufficient to

confer jurisdiction upon this Court.

7.      Plaintiff Troy Landrum at all times relevant hereto, was a citizen of the Commonwealth

of Kentucky residing at 637 Atwood Street, Louisville, Kentucky 40212. Plaintiff Landrum was

arrested and incarcerated for trafficking in controlled substances, illegal possession of

controlled substances and possession of marijuana based upon Defendant Christie A.

Richardson's representations as the complaining witness. All charges against Plaintiff Landrum

were eventually dismissed based upon Defendant Christie A. Richardson's involvement in his

arrest, but his arrest, incarceration and court records have not been retrieved, reviewed and

expunged. Plaintiff Landrum sustained concrete damages in the form of court costs, attorney

fees and other expenses attendant to his unlawful arrest and incarceration. Plaintiff Landrum

also suffered damages as a result of his unlawful arrest and incarceration including extreme

emotional distress in an amount to be determined by a jury sitting in the trial of these

proceedings but in an amount sufficient to confer jurisdiction upon this Court.

8.      Plaintiff James Shipp at all times relevant hereto, was a citizen of the Commonwealth of

Kentucky residing at 11719 Tazwell Drive, Louisville, Kentucky 40245. Plaintiff Shipp was

arrested and incarcerated for trafficking in controlled substances and illegal possession of

controlled substances.  All charges against Plaintiff Shipp were eventually dismissed based

upon Defendant Christie A. Richardson's involvement in his arrest, but his arrest, incarceration

and court records have not been retrieved, reviewed and expunged.  Plaintiff Shipp sustained

concrete damages in the form of court costs, attorney fees and other expenses attendant to his

unlawful arrest and incarceration.  Plaintiff Shipp also suffered damages as a result of his

unlawful arrest and incarceration including extreme emotional distress in an amount to be

determined by a jury sitting in the trial of these proceedings but in an amount sufficient to

confer jurisdiction upon this Court.

9.      Plaintiff William Todd Riggle at all times relevant hereto, was a citizen of the

Commonwealth of Kentucky residing at 8714 Bayberry Place, Louisville, Kentucky 40242.

Plaintiff Riggle was arrested, incarcerated and convicted of trafficking controlled substances,

possession of drug paraphernalia and possession of a controlled substance based upon

representations provided by Defendants Mark A. Watson and Christie A. Richardson for

issuance of a search warrant.  The charges against Plaintiff Riggle have not been dismissed, and

his conviction has not been overturned.  Because Defendants Mark A. Watson and Christie A.

Richardson participated and were involved in his arrest and incarceration, Plaintiff Riggle,

seeks equitable and injunctive relief in the form of retrieval and review of all arrest,

incarceration and court records related to his arrest.  Plaintiff Riggle also seeks the return of

property wrongfully seized from him.

10.     Defendant City of Louisville is a local government unit empowered under Kentucky law

and operating the City of Louisville Police Department for whom all of the individual

Defendant police officers were jointly employed when they engaged in the unconstitutional acts

that precipitated these proceedings.  At all times relevant hereto, Defendant City of Louisville

was acting by and through its duly authorized agents and/or employees who were then and

there acting within the scope and course of their employment.  Defendant City of Louisville is responsible in whole or in part for the injuries and damages complained of in this action.

11.     Defendants Ronald Ricucci and William S. Carcara, at all times relevant hereto, were the Chiefs of Police for the Jefferson County, Kentucky Police Department.  At all times relevant hereto, Defendants Ronald Ricucci and William S. Carcara, as Chiefs of Police for the Jefferson County, Kentucky Police Department for whom all the individual Defendant police officers were jointly employed when they engaged in the unconstitutional acts that precipitated these proceedings, were acting under the color and authority of state law.  Defendants Ronald Ricucci and William S. Carcara are responsible in whole or in part for the injuries and damages complained of in this action and are sued in both their individual and official capacities.

12.     Defendants Mark A. Watson and Christie A. Richardson, at all times relevant hereto, were police officers in the Metro Narcotics Unit for Defendant City of Louisville and Jefferson County, Kentucky and were acting under color and authority of state law and within the scope of their employment as police officers in the Metro Narcotic Unit for Defendant City of Louisville and Jefferson County, Kentucky.  Defendants Mark A. Watson and Christie A. Richardson deprived Plaintiffs of their constitutional rights and are responsible in whole or in part for the injuries and damages complained of in these proceedings and are sued in both their official and individual capacities.

## V.     FACTUAL ALLEGATIONS

13.     Metro Narcotics is a joint unit of the City of Louisville Police Department and the Jefferson County Police Department.  The Metro Narcotics Unit was created in 1990 and employs approximately fifty detectives who investigate drug activity throughout Jefferson County, Kentucky without regard to governmental boundaries.

14.     Administrative control of the Metro Narcotics Unit rotates every four years between the Jefferson County Police Department and the City of Louisville Police Department. The Jefferson County Police Department had administrative control over Metro Narcotics during the first four years of operation. In 1994, administrative control over Metro Narcotics transferred to the City of Louisville Police Department. The Jefferson County Police Department once again took control of the Metro Narcotics Unit in 1999.

15.     Prior to his employment with the Louisville/Jefferson County Metro Narcotics Unit, Defendant Mark A. Watson was employed during the early 1990's by Atlanta, Georgia's "Red Dog Unit" – a police drug investigatory squad. In Defendant Mark A. Watson's last two years with the Red Dog Unit, he was investigated eight times by the Office of Professional Standards and reprimanded for his official misconduct on two occasions.

16.     The Louisville/Jefferson County Metro Narcotics Unit hired Defendant Mark A. Watson in 1995.

17.     In 1996, Defendant Mark A. Watson was reprimanded by his superiors at the Metro Narcotics Unit for engaging in unethical practices. In 1997, supervisors in charge of the Metro Narcotics Unit were urged to set up a sting operation on Defendant Mark A. Watson based upon both citizen and official complaints of officer misconduct, and this information was transmitted to and received by commanding officers and the Internal Affairs Division for the Metro Narcotics Unit.

18.     The Metro Narcotics Unit hired Defendant Christie A. Richardson in 1997.

19.     The Metro Narcotics Unit teamed Defendants Mark A. Watson and Christie A. Richardson together in 1998.

9

## VI.    ALLEGATIONS AGAINST DEFENDANTS

20.    In March 2002, Defendants Mark A. Watson and Christie A. Richardson were indicted

by the Commonwealth of Kentucky based upon facts and evidence submitted to a grand jury in

Jefferson County, Kentucky.  The combined 450 Counts against Defendants Mark A. Watson

and Christie A. Richardson include fabricating information to obtain search warrants,

tampering with drug evidence, forging judges' signatures and taking money meant to pay

informants.

21.    Acting under color and authority of state law and within the scope of their employment

as police officers for Defendant City of Louisville and Jefferson County, Kentucky in the Metro

Narcotics Unit, Defendants Mark A. Watson and Christie A. Richardson unlawfully entered at

least the following residences of Plaintiff Class Members in Jefferson County, Kentucky:  6822

Manslick Road, 4909 Quail Court, 2217 W. Burnett, 5200 Shepherdsville Road #14, 4300 Plantus

Place, 923 Mallard Creek, 515 Washburn Avenue, 6307 Hunters Grove, 8707 James Road, 3824

Vermont Avenue, 9824 Stanna Louise, 5506 Hames Trace #598, 5125 Quail Court #8, 15400

Shelbyville Road, 1213 Terudon Drive, 1506 Huntoon, 2614 W. Jefferson #3, 406, 406

Huntington Park Drive and 727 Huntington Park Drive.

22.    Acting under color and authority of state law and within the scope of their employment

as police officers for Defendant City of Louisville and Jefferson County, Kentucky in the Metro

Narcotics Unit, Defendants Mark A. Watson and Christie A. Richardson unlawfully used

invalid search warrants to search Plaintiff Class Members' person or property in Jefferson

County, Kentucky on at least the following dates:  12/20/00, 1/1/01, 1/3/01, 1/9/01, 1/17/01,

1/22/01, 1/29/01, 1/30/01, 1/31/01, 2/2/01, 2/8/01, 2/12/01, 2/21/01, 2/23/01, 2/26/01,

2/27/01, 3/1/01, 3/5/01, 3/7/01, 3/9/01, 3/13/01, 3/15/01, 3/21/01, 3/26/01, 3/28/01,

3/30/01, 4/2/01, 4/3/01, 4/9/01, 4/16/01, 4/17/01, 4/18/01, 4/19/01, 4/26/01, 5/11/01,

5/14/01, 5/15/01, 5/22/01, 5/24/01, 5/29/01, 5/31/01, 6/1/01, 6/5/01, 6/15/01, 6/18/01,

6/25/01,  6/27/01, 7/5/01, 7/12/01, 7/23/01, 7/24/01, 7/26/01, 7/31/01, 8/1/01, 8/2/01,

8/9/01, 8/10/01, 8/13/01,  8/16/01, 8/20/01, 8/27/01, 8/29/01, 8/31/01, 9/6/01, 9/21/01,

9/26/01, 9/27/01, 9/28/01, 10/3/01, 10/9/01, 10/15/01, 10/18/01, 10/24/01, 11/5/01,

11/9/01, 11/23/01, 11/28/01, 12/5/01, 1/3/02, 1/14/02, 1/18/02, 1/22/02, 1/23/02 and

1/25/02.

23.     Acting under color and authority of state law and within the scope of their employment

as police officers for Defendant City of Louisville and Jefferson County, Kentucky in the Metro

Narcotics Unit, Defendants Mark A. Watson and Christie A. Richardson unlawfully seized

property damaging Plaintiff Class Members in Jefferson County, Kentucky on at least the

following dates:  1/1/01, 1/26/01, 1/28/01, 3/21/01, 3/26/01, 3/30/01, 4/2/01, 4/3/01,

4/9/01, 4/16/01, 4/17/01, 4/18/01, 4/19/01, 4/26/01, 5/11/01, 5/14/01, 5/22/01, 5/24/01,

5/31/01, 6/1/01, 6/5/01, 6/15/01, 6/18/01, 6/25/01, 7/12/01, 7/23/01, 7/24/01, 7/31/01,

8/1/01, 8/2/01, 8/9/01, 8/13/01, 8/20/01, 8/27/01, 8/29/01, 8/31/01, 9/6/01, 9/21/01,

9/26/01, 9/27/01, 10/3/01, 10/9/01, 10/15/01, 10/18/01,11/23/01, 11/28/01, 12/5/01,

1/3/02, 1/14/02, 1/18/02, 1/22/02, 1/23/02 and 1/25/02.

24.     Acting under color and authority of state law and within the scope of their employment

as police officers for Defendant City of Louisville and Jefferson County, Kentucky in the Metro

Narcotics Unit, Defendants Mark A. Watson and Christie A. Richardson unlawfully provided

perjured testimony damaging Plaintiff Class Members on at least the following dates:  4/18/01,

6/18/01, 1/29/02 and 2/21/02.

25.     Acting under color and authority of state law and within the scope of their employment

as police officers for Defendant City of Louisville and Jefferson County, Kentucky in the Metro

Narcotics Unit, Defendants Mark A. Watson and Christie A. Richardson unlawfully engaged in

official acts of misconduct damaging Plaintiff Class Members on at least the following dates:
3/21/01, 3/26/01, 3/28/01, 3/30/01, 4/2/01, 4/3/01, 4/9/01, 4/16/01, 4/17/01, 4/18/01,
4/19/01, 4/26/01, 5/11/01, 5/14/01, 5/22/01, 5/24/01, 5/27/01, 5/29/01, 5/31/01, 6/1/01,
6/5/01, 6/15/01, 6/18/01, 6/25/01, 7/5/01, 7/12/01, 7/23/01, 7/24/01, 7/26/01, 7/31/01,
8/1/01, 8/2/01, 8/9/01, 8/10/01, 8/13/01, 8/16/01, 8/20/01, 8/27/01, 8/29/01, 8/31/01,
9/6/01, 9/21/01, 9/26/01, 9/27/01, 10/3/01, 10/9/01, 10/15/01, 10/18/01, 10/24/01,
11/5/01, 11/23/01, 11/28/01, 12/5/01, 1/3/02, 1/14/02, 1/18/02, 1/22/02, 1/23/02, 1/25/02
and 2/1/02.

26.     The unconstitutional conduct set forth in this Complaint was engaged in by Defendants
Mark A. Watson and Christie A. Richardson, acting under color and authority of state law and
within the scope of their employment as police officers for Defendant City of Louisville and
Jefferson County, Kentucky in the Metro Narcotics Unit.

27.     The unconstitutional conduct set forth in this Complaint has been proximately caused
by the failure of the Defendant City of Louisville and Defendants Ronald Ricucci and William S.
Carcara to properly hire, train and supervise Defendants Mark A. Watson and Christie A.
Richardson.

28.     The unconstitutional conduct set forth in this Complaint has been proximately caused
by Defendant City of Louisville and Defendants Ronald Ricucci and William S. Carcara failure
to carry out their legal responsibilities to properly inquire, investigate and scrutinize civilian or
official complaints of police misconduct despite actual knowledge of the misconduct
demonstrating a flagrant disregard for the constitutional rights of Members of the Plaintiff
Class.

29.     The unconstitutional conduct set forth in this Complaint has been proximately caused
by Defendant City of Louisville and Defendants Ronald Ricucci and William S. Carcara's

maintenance of a defective and inadequate policy, practice or procedure with respect to

implementing safeguards to prevent official misconduct, including that engaged in by

Defendants Mark A. Watson and Christie A. Richardson.  Defendant City of Louisville and

Defendants Ronald Ricucci and William S. Carcara have routinely condoned, acquiesced in,

ignored and otherwise failed to take the necessary measures to prevent and curtail such

conduct despite having actual knowledge of the misconduct thus demonstrating a flagrant

disregard for the constitutional rights of Members of the Plaintiff Class.

30.     The unconstitutional conduct set forth in this Complaint has been proximately caused

by Defendant City of Louisville and Defendants Ronald Ricucci and William S. Carcara

permitting official misconduct, including that engaged in by Defendants Mark A. Watson and

Christie A. Richardson, to occur without sanction, penalty or discipline of those officers

participating in such misconduct, despite actual knowledge of the misconduct, demonstrating a

flagrant disregard for the constitutional rights of Plaintiffs and Members of the Plaintiff Class.

## VII.    CLASS ACTION ALLEGATIONS

### PLAINTIFF CLASS CERTIFICATION

31.     Plaintiffs bring this action as a class under Rule 23 of the Kentucky Rules of

Civil Procedure with the named Plaintiffs acting as representative parties on behalf of all other

similarly situated unnamed or unknown Plaintiffs for the following reasons:

### RULE 23.01(A) – NUMEROSITY

32.     The class consists of all persons who have been deprived of their constitutional rights

and subjected to the aforementioned unconstitutional conduct of Defendants while present in

Kentucky from 1995 to present.

33.     Membership in the Plaintiff class is so numerous as to make it impractical to bring all

Class Members before the Court.  The exact number of Class Members is unknown, but it can be

determined from the Defendants' records because as of the present date, the Defendants have the administrative ability through their computer system and record-keeping methods, as well as through arrest, incarceration and court documents, to identify the names and addresses of all Members of the Plaintiff Class.

### RULE 23.01(B) – COMMONALITY

34.      There are numerous and substantial questions of law and fact common to all of the Members of the Class that control this litigation and that predominate over any individual issues.  The common questions raised by Plaintiffs' claims include:

(a)      whether Defendants Mark A. Watson and Christie A. Richardson acted unlawfully or illegally in participating in their arrest;  .

(b)      whether Plaintiffs were deprived of their constitutional rights as guaranteed to them under §1, §10 and §14 of the Kentucky Constitution by the conduct of Defendants;

(c)      whether Defendants' negligent hiring of Defendants Mark A. Watson and Christie A. Richardson caused Plaintiffs to suffer damages;

(d)      whether Defendants' negligent training of Defendants Mark A. Watson and Christie A. Richardson caused Plaintiffs to suffer damages;

(e)      whether Defendants' negligent supervision of Defendants Mark A. Watson and Christie A. Richardson caused Plaintiffs to suffer damages;

(f)      whether Defendants had actual knowledge of Defendant Mark A. Watson and Christie A. Richardson's misconduct;

(g)      whether Defendants failed to inquire, investigate and scrutinize civilian or official complaints of police misconduct;

(h)     whether Defendants failed to maintain adequate policies, practices or procedures to prevent Defendants Mark A. Watson and Christie A. Richardson's misconduct which violated the safety, liberty and security of Plaintiffs;

(i)     whether Defendants failed to abide by implemented policies, practices or procedures for ensuring that Defendant Mark A. Watson and Christie A. Richardson's misconduct did not violate the safety, liberty and security of Plaintiffs;

(j)     whether Defendants failed to sanction, penalize or discipline Defendant Mark A. Watson and Christie A. Richardson;

(k)     whether Plaintiffs are entitled to compensatory damages for the unconstitutional and tortious conduct of Defendants;

(l)     whether Plaintiffs are entitled to punitive damages for the unconstitutional and tortious conduct of Defendants;

(m)     whether Plaintiffs are entitled to equitable and injunctive relief, including retrieval, review and expungement of arrest, incarceration and court records, for the unconstitutional and tortious conduct of Defendants;

(n)     whether Plaintiffs are entitled to return of property seized.

## RULE 23.01(C) – TYPICALITY

35.     The Plaintiffs and Class Representatives are members of a Class of victims described herein.  Plaintiff and Class Representative William L. Boyer was falsely arrested and incarcerated based upon an illegal search warrant forged by Defendants Mark A. Watson and Christie A. Richardson.  Plaintiff and Class Representative Troy Landrum was arrested and incarcerated based upon representations made by Defendant Christie A. Richardson.  Charges against Plaintiff Landrum have been dismissed.  Plaintiff and Class Representative James Shipp

was arrested and incarcerated based upon representations made by Defendant Christie A. Richardson.  Charges against Plaintiff Shipp have been dismissed.  William Todd Riggle was arrested and incarcerated based upon Defendants Mark A. Watson and Christie A. Richardson's participation and involvement in his arrest.  His conviction has not been overturned, and it is unknown if Defendants Mark A. Watson and Christie A. Richardson engaged in unconstitutional and tortious conduct while participating in his arrest and incarceration. Plaintiff Riggle suffered seizure of property which has not been returned.

36.      Plaintiffs' claims are typical of those of the Class, having suffered injury as a result of their arrest and incarceration by Defendants Mark A. Watson and Christie A. Richardson. Plaintiffs have been subjected to the same common course of conduct, specifically, the involvement of Defendants Mark A. Watson and Christie A. Richardson in their arrest and incarceration, as well as the policies, customs and practices of Defendants in allowing this misconduct to occur.

## RULE 23.01(D) – REPRESENTATIVE CAPACITY

37     Plaintiffs have no interest adverse to those of other Members of the Class.

38.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of class actions and complex litigation.

## RULE 23.02(A)

39.     Plaintiffs seek class certification pursuant to Rule 23.02(A) in order to preserve rights and interests that may be impaired unless Plaintiffs are dealt with on a class-wide basis.  As Defendants are potentially subject to multiple lawsuits by members of the Plaintiff Class, both Plaintiffs and Defendants avoid the risk of being subjected to inconsistent judgments or the establishment of incompatible standards of conduct as a result of the unconstitutional and tortious conduct described herein.  Plaintiffs seek a common fund for the purpose of

establishing a comprehensive legal monitoring program to retrieve, review and expunge arrest,

incarceration and court records due to the involvement of Defendants Mark A. Watson and

Christie A. Richardson.  Without class treatment, potential Plaintiffs could be impeded by the

depletion of funds Defendants would otherwise have available for initiating these procedures.

Class certification protects the interest of putative Plaintiff Class Members in that it prohibits

the depletion of funds for compensatory damages through separate and multiple actions before

all damaged plaintiffs can make a claim.

## RULE 23.02(B)

40.     Plaintiffs seek certification of a Plaintiff Class pursuant to Rule 23.02(B) because the

parties opposing the Plaintiff Class have acted, or refused to act, on grounds generally

applicable to the Class thereby making appropriate injunctive or declaratory relief.

41.     Plaintiffs seek injunctive relief on behalf of the Plaintiff Class as embodied in Rule

23.02(B) on two separate grounds:

        (a)     Plaintiffs seek the establishment of a comprehensive legal monitoring program to

retrieve, review and expunge arrest, incarceration and court records due to the involvement of

Defendants Mark A. Watson and Christie A. Richardson as well as for retrieval and review of

arrest, incarceration and court records to determine if arrests and incarcerations were

constitutionally permissible due to the involvement of Defendants Mark A. Watson and Christie

A. Richardson;  Additionally, Plaintiffs seek a review of all records pertaining to property

seizure occasioned by the involvement of Defendants Mark A. Watson and Christie A.

Richardson.

        (b)     Plaintiffs seek injunctive relief to prohibit prosecutors from seeking the signing

of probable cause stipulations for arrests by Defendants Mark A. Watson and Christie A.

Richardson until such persons are able to confer with legal counsel to determine if the arrest

was constitutional or if due process was violated so that Plaintiff Class Members will not continue to suffer injury and damage as a result of the conduct of Defendants.  Plaintiffs likewise seek the vitiation of all probable cause affidavits previously executed.

42.     Certification of a Plaintiff Class pursuant to Rule 23.02(B) enhances the effectiveness of a judgment by the Court making the Court's decree binding on a class of semiautonomous bodies subject to one legal determination rather than through piecemeal litigation.

<u>RULE 23.02(C)</u>

43.     Plaintiffs seek certification of a Plaintiff Class pursuant to Rule 23.02(C) due to the generalized and common evidence that will tend to prove or disprove Plaintiffs' claims.

44.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(a)     without a class action, the Plaintiff Class will continue to suffer damage, the Defendants' violations of law will proceed without remedy, and the Defendants will continue to engage in their aforementioned misconduct;

(b)     given the substantive complexity of this litigation, the size of the individual Class Members' claims, and the limited resources of the Class Members, this action will cause an orderly and expeditious administration of the Class claims, economies of judicial time, effort and expense will be fostered, and uniformity of decisions will be insured;

(c)     most individual members of the Class have little interest in prosecuting an individual action;

(d)     when the liability of the Defendants has been adjudicated, claims of all members of the Class can be determined by the Court;

(e)     this action presents no difficulties that would impede its management by the Court as a class action.

45.     In short, there is between Plaintiffs and the Class a "community of interest in the subject matter of the suit and in the remedy" thus satisfying the basic criteria for class certification under Kentucky law.

## VIII.   CAUSES OF ACTION

## COUNT ONE – VIOLATION OF KENTUCKY CONSTITUTION

46.     The actions and conduct of Defendants, both jointly and severally, violated the First, Fourth and Fourteenth Amendments to the Kentucky Constitution and the constitutional rights of the named Plaintiffs and Plaintiff Class Members.

47.     Plaintiffs were injured and suffered damages as a result of conduct constituting invalid searches, unreasonable seizures, unconstitutional detentions, false arrests and deprivation of liberty and property without due process of law.

48.     By reason of the aforementioned acts of Defendants, Plaintiffs suffered extreme emotional distress.

49.     As a proximate result of the foregoing wrongful acts of Defendants, property belonging to Plaintiffs, including monies they were compelled to expend on court costs, fines, attorney fees and other expenses attendant to their unlawful arrest and incarceration, were taken from Plaintiffs.

50.     Defendants' acts were committed by each Defendant with reckless indifference to the constitutional rights, personal security and safety of Plaintiffs.

## COUNT TWO – NEGLIGENCE

51.     The acts and conduct of Defendants, both jointly and severally, in negligently hiring, training, supervising, and disciplining Defendants Mark A. Watson and Christie A. Richardson, when they were legally obligated to do so, was the proximate cause of injury and damage to Plaintiffs.

52.     The acts and conduct of Defendants, both jointly and severally, in negligently failing to create, implement and administer policies and procedures to prevent the conduct of Defendants Mark A. Watson and Christie A. Richardson thus resulting in injury to the Plaintiffs.

53.     By reason of the aforementioned conduct of Defendants, Plaintiffs suffered extreme emotional distress.

54.     As a proximate result of the foregoing wrongful acts of Defendants, property belonging to Plaintiffs, including monies they were compelled to expend on court costs, fines, attorney fees and other expenses attendant to their unlawful arrest and incarceration, were taken from Plaintiffs.

55.     Defendants' acts were committed by each Defendant negligently in regard to the constitutional rights, personal security and safety of Plaintiffs.

## COUNT THREE – OUTRAGE

56.     The acts and conduct of Defendants, both jointly and severally, offend generally accepted societal standards of decency and morality in permitting the unconstitutional and tortious conduct described herein to occur.

57.     Defendants' acts were committed by each Defendant with reckless indifference to the constitutional rights, personal security and safety of Plaintiffs.

58.     As a result of Defendants' conduct, Plaintiffs suffered great mental anguish and mental pain and suffering in the form of fright, horror, grief, shame, humiliation, stigmatization, embarrassment and anger.

## COUNT FOUR – INJUNCTIVE RELIEF

59.     Plaintiffs seek equitable and injunctive relief in the form of a comprehensive legal monitoring program to retrieve, review and expunge arrest, incarceration and court records due to the involvement of Defendants Mark A. Watson and Christie A. Richardson and for retrieval and review of arrest, incarceration and court records to determine if arrests and incarcerations were constitutionally permissible due to the involvement of Defendants Mark A. Watson and Christie A. Richardson.

60.     Plaintiffs seek equitable and injunctive relief in the form of an Order prohibiting prosecutors in Louisville or Jefferson County, Kentucky from seeking stipulations from potential Plaintiff Class Members that there was probable cause for their arrest by Defendants Mark A. Watson and Christie A. Richardson until such persons are able to confer with legal counsel to determine if the arrest was constitutional or if due process was violated so that Plaintiff Class Members will not continue to suffer injury and damage as a result of the conduct of Defendants.  Furthermore, Plaintiffs seek an Order establishing that all probable cause stipulations signed to date are null and void.

61.     If Plaintiffs do not receive the equitable and injunctive relief requested herein, Plaintiffs and Members of the Plaintiff Class will suffer irreparable injury.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for an Order and Judgment certifying the Class and appointing the named Plaintiffs as class representatives and granting the following relief:

(A)    That Plaintiffs and Class Members be awarded compensatory damages in an amount to be determined by a jury sitting in the trial of these proceedings;

(B)    That Plaintiffs and Class Members be awarded punitive damages in an amount to be determined by a jury sitting in the trial of these proceedings;

(C)    That Plaintiffs and Class Members be awarded injunctive relief in the form of a legal monitoring program that will retrieve, review and expunge all arrest, incarceration and court records and prohibit prosecutors from seeking probable cause stipulations and negating those signed heretofore;

(D)    That Plaintiffs be awarded a return of all illegally seized property;

(E)    That Plaintiffs and the Class be awarded the cost of the civil action, including reasonable experts' and attorneys' fees;

(F)    Judgment against Defendants, jointly and severally;

(G)    That Plaintiffs and the Class be granted such other and further relief as the Court may deem equitable and proper;

(H)    For a trial by jury on all issues so triable.

Respectfully submitted,
Gardner, Ewing and Souza

C. David Ewing
Gary L. Gardner
Damon B. Willis
1600 Meidinger Tower
462 South Fourth Avenue
Louisville, KY 40202
502/585-5800

Seiler & Handmaker

Maury D. Kommor
Christopher A. Bates
462 South Fourth Avenue
2200 Meidinger Tower
Louisville, KY 40202
502/584-7400